Mr. Larry R. Froelich General Counsel and Executive Director Arkansas Law Reform Group 5 East Mountain Fayetteville, Arkansas 72701
Dear Mr. Froelich:
This is in response to your request, pursuant to A.C.A. § 7-9-107, for certification of the following popular name and ballot title for a proposed constitutional amendment:
(Popular Name)
 AN AMENDMENT TO END THE PROHIBITION AGAINST HEMP AND MARIJUANA
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION WHICH DECLARES THE PLANT CANNABIS, COMMONLY CALLED HEMP AND MARIJUANA, TO BE BOTH AN AGRICULTURAL PRODUCT AND A RECREATIONAL INTOXICANT; AND WHICH ENDS PROHIBITION AGAINST CULTIVATION, POSSESSION, PROCESSING OR SALE OF CANNABIS BY PERSONS OVER THE AGE OF TWENTY-ONE, BUT ALLOWS FOR REASONABLE REGULATION AND TAXATION OF CANNABIS IN ITS VARIOUS FORMS, AS WITH OTHER AGRICULTURAL PRODUCTS AND ALCOHOLIC BEVERAGES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v.McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, and Waltonv. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that the submitted popular name and ballot title are sufficient, and they are hereby approved.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB/cyh